UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRAVOIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1825** |
| **BOUDREAUX ET AL.** | **SECTION: "G"(5)** |

### ORDER

Before the Court is Plaintiffs' "Motion to Remand for Lack of Subject Matter Jurisdiction,"[1] wherein they assert that the sole ground upon which jurisdiction could be based was destroyed when the Court dismissed the claims against Defendant United States of America on June 23, 2015.[2] This action was removed to this Court by Defendant United States of America, on behalf of Defendant Michael J. Duet, Jr., an employee of the United States Department of Agriculture, under 28 U.S.C. § 2679(d)(2) from the 32nd Judicial Court for the Parish of Terrebonne, State of Louisiana on May 29, 2015.[3] The Court dismissed the claims against Defendant, United States of America, on June 23, 2015 for lack of subject matter jurisdiction.[4] The pending motion was filed on July 15, 2015.[5]

No memorandum in opposition to the Motion to Remand, which was set for hearing on August 5, 2015, was submitted, timely or otherwise. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. This Court has authority to grant a motion as unopposed, although it is

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 6.

[3] Rec. Doc. 1.

[4] Rec. Doc. 6.

[5] Rec. Doc. 9.

1

not required to do so.[6]

Plaintiffs assert that the sole ground for removal was that 28 U.S.C. § 2679(d)(2) provided federal question jurisdiction under 28 U.S.C. § 1331.[7] That statute provides that the Attorney General may remove claims against federal employees to federal district court where the events that the claim is based upon occurred while the employee was acting within the course and scope of their duties.[8] The statute also provides that the United States of America shall be substituted as the party defendant.[9] This case was removed by Defendant United States of America.[10] The claims against Defendant United States of America have since been dismissed.[11] Plaintiffs assert that diversity jurisdiction is lacking because Defendants Taylor Boudreaux and Andre Boudreaux are citizens of the State of Louisiana.[12] In her complaint, Plaintiff Samantha Gravois alleges that she is a citizen of Louisiana.[13]

"Jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."[14] At the time Defendant United States of America removed the case, the Court had subject matter jurisdiction pursuant to 28 U.S.C. §

---

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[7] Rec. Doc. 9-1 at p. 2.

[8] 28 U.S.C. 2679(d)(2).

[9] *Id.*

[10] Rec. Doc. 1.

[11] Rec. Doc. 6.

[12] *Id.*

[13] Rec. Doc. 1-1 at p. 2.

[14] *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

2679(d)(2) against Defendant United States of America and supplemental jurisdiction over the claims against the other defendants pursuant to 28 U.S.C. § 1367. Because post-removal events do not affect properly established jurisdiction, the Court's dismissal of the claims against Defendant United States of America did not result in the Court no longer having subject matter jurisdiction.

The general rule, however, is that a court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute . . ."[15] Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law[;] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[;] (3) the district court has dismissed all claims over which it has original jurisdiction[;] or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Fifth Circuit has also instructed that courts should consider "common law factors of judicial economy, convenience, fairness, and comity."[16]

As a result of the dismissal of the claims against Defendant United States of America, the Court no longer has original jurisdiction. Considering this fact, the lack of an opposition to the motion to remand, and the fact that the case was commenced on May 29, 2015 and still is at an early stage, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

---

[15] *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

[16] *Id.* (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir.2003)).

Accordingly;

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Remand[17] is **GRANTED** as unopposed and that the case is remanded to the 32th Judicial Court for the Parish of Terrebonne, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __4th__ day of September, 2015.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **UNITED STATES DISTRICT JUDGE**

---

[17] Rec. Doc. 9.